PER CURIAM.
Respondent was charged by The Florida Bar with unethical conduct, the respondent answered and the cause was duly tried by a referee. The following Findings of Fact and Recommendations were, in due course, filed with the Board of Governors:

“FINDINGS OF FACT

“After considering all of the pleadings, exhibits and evidence before me, I find that:
“1. During the month of June, 1962, the respondent prepared two (2) promissory notes, one in the amount of EIGHT THOUSAND DOLLARS ($8,000.00) dated January 10th, 1962 and payable to ANTHONY SISTO, and another in the amount of TWELVE THOUSAND FIVE HUNDRED DOLLARS ($12,-500.00) dated December 29th, 1960 payable to HAROLD B. HIBBITTS. Said notes were prepared by the respondent after the death of one PATRICK SABA for the purpose of creating fictitious indebtedness of the said decedent. Both notes were subsequently signed by person or persons unknown with the names “PATRICK G. SABA and JOSEPHINE N. SABA” and came back into the possession of the respondent. Mr. Sisto and Mr. Hibbitts were the payees of the notes and were the clients and business associates of the respondent.
“2. Thereafter on or about June 29th, 1962 the respondent, knowing the signature of PATRICK G. SABA on both of said notes to be a forgery, did prepare the necessary checks and advise JOSEPHINE N. SABA, as Administratrix C. T. A. to deliver to the payee of the notes said checks on the account of JOSEPHINE N. SABA, as Administratrix of the Estate of PATRICK G. SABA, deceased, in payment of principal and accrued interest on said notes. That, thereafter the payees of the notes cashed the *306 checks made payable to them on the Estate Account and returned at least a portion of the funds to the said respondent, who, in turn, gave the said funds, or a portion thereof, to Mrs. Saba individually-
i “3. That subsequent thereto a suit was filed in Circuit Court by JOSEPHINE N. SABA against the respondent, AN-TPIONY SISTO and HAROLD B. HIBBITTS NO. L64-282-Farrington. The claim made by Mrs. Saba was that she was swindled out of approximately EIGHT THOUSAND EIGHT HUNDRED SIXTY-SEVEN DOLLARS ($8,867.00) and as the result of the actions of the respondent and ANTHONY SISTO and HAROLD B. HIBBITTS. A jury verdict was entered in favor of all defendants.

“RECOMMENDATION OF GUILT

“It is recommended that the respondent be found guilty as charged in the Complaint, and particularly that he be found guilty of violation of Article XI, Rule 11.02(3) (a) of the Integration Rule, and of Canons 22, 29 and 32, and additional rules 15, 16, 27 and 30 of the Integration Rules governing the conduct of attorneys in Florida Section II, as adopted by Article X of the Integration Rules of the Florida Bar.

“RECOMMENDATION OF DISCIPLINE

“It is recommended that the respondent be disbarred from the practice of law in Florida.”
On review, the Board of Governors entered its judgment adopting the Findings and Recommendations of the referee, together with its additional recommendation that costs in the amount of $207.90 be assessed against respondent.
No petition for review having been filed within the time allowed therefor and the Court having reviewed the record and considered the Recommendations and Findings of the referee as approved by the Board of Governors, it is,
Ordered that respondent, John D. Steele, a member of The Florida Bar, be, and he is, hereby disbarred and his name is hereby ordered stricken from the roll of members thereof.
It is further ordered that The Florida Bar do have and recover from the respondent, John D. Steele, the sum of $207.90, its costs lawfully expended herein, for which let execution issue.
It is so ordered.
THORNAL, C. J., and DREW, O’CON-NELL, CALDWELL and ERVIN, JJ., concur.