PER CURIAM.
Petitioner Steele was disbarred from the practice of law in this state by a decision of this Court reported at 197 So.2d 305 (Fla.1967). Petitioner now seeks reinstatement to the privilege of practicing law pursuant to Article XI, Rule 11.11 of the Integration Rule of The Florida Bar, 32 F.S.A.
The Referee, after hearing testimony and receiving documentary evidence, recommended that the petition for reinstatement be denied. The Board of Governors of The Florida Bar approved the findings of the Referee and joined in his recommendation that the petition for reinstatement be denied. Therefore, we must determine whether the evidence at the reinstatement hearing justifies an order of reinstatement.
The factual situation upon which we disbarred Mr. Steele is set forth in our opinion appearing at 197 So.2d 305. Consequently, there is no need to restate these factual matters at length. Suffice to say we disbarred Mr. Steele because he advised his client, Mrs. Saba, an uneducated and inexperienced immigrant, to forge certain promissory notes representing a fictitious indebtedness of her husband’s estate, ostensibly to reduce the size of the estate for federal inheritance tax. Actually the estate was insufficient to require the payment of any tax, and the “forged” notes were in fact paid to associates of the petitioner.
During the reinstatement hearing, Mr. Steele testified that all of the funds in question were returned to Mrs. Saba and that she lost nothing by his actions. In fact this was not so and petitioner’s veracity on the point was placed in serious doubt by virtue of his conflicting stories.
Veracity should be the hallmark of an attorney and officer of the Court. It is the foundation of the trust and confidence which must vest in a lawyer.
We must agree with the Referee and The Florida Bar in their recommendation to deny reinstatement. The petition is
Denied.
CARLTON, C. J., and ROBERTS, ERVIN, ADKINS and DEKLE, JJ., concur.